**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| MABEL OSEI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 8:20-cv-00040 |
| | * | |
| STAPLES, INC., *et al.*, | | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Staples the Office Superstore East, Inc.'s ("Staples") motion to strike insufficient discovery responses and impose sanctions to include dismissing the case. ECF No. 42. Defendant Cushman & Wakefield ("Cushman") has joined the motion as it relates to striking Plaintiff's experts. ECF No. 43. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Staples' motion is GRANTED, and Cushman's motion is GRANTED in part and DENIED in part.

### I.  Background

Despite the straightforward nature of this case, Plaintiff Mabel Osei ("Osei"), through counsel, has demonstrated an inability and unwillingness to respond to standard discovery requests. Osei's suit follows an unfortunate accident—she slipped and fell on a Staples store entrance ramp and broke her ankle. ECF No. 1 at 4. The Complaint expressly avers that on January 7, 2017, Osei fell because "the ramp was maintained and painted with slippery material" that became especially "slippery . . . when the ramp was wet." *Id.* at 4–5.

Osei filed suit on January 7, 2020, against both Defendants. ECF No. 1. Each timely answered. ECF Nos. 7, 8. Cushman also filed crossclaims against Staples which became the subject of a motion to dismiss. ECF Nos. 14, 21.

While the motion to dismiss the crossclaim was pending but before a formal scheduling order issued, Cushman propounded written discovery to Osei on July 22, 2020. ECF No. 25. On August 24, 2020, counsel for Cushman next sent a letter to Osei urging that she respond to its discovery requests. *Id.* Hearing nothing from Osei, Cushman moved to compel discovery. *Id.* Because the motion predated the commencement of formal discovery, the Court denied it without prejudice. ECF No. 28.

After resolving the motion to dismiss, the Court issued a scheduling order on October 22, 2020, which set applicable fact and expert discovery deadlines. ECF Nos. 28, 29. The Court thereafter adopted the parties' joint request to modify the scheduling order and set the agreed-upon discovery deadlines. ECF Nos. 31, 32.

On January 20, 2021, Defendants alerted the Court that Osei had failed to propound timely expert disclosures and sought appropriate leave to designate responsive experts "in the event the Plaintiff is given leave to designate" experts out of time. ECF Nos. 33, 34. In response, Osei requested additional time to file Rule 26(a) expert disclosures. ECF No. 35. Osei also argued that she had provided adequate expert disclosures for two experts—"a paint expert and the treating orthopedic doctor," albeit 33 minutes after the expert disclosure deadline. *Id.* at 2.

However, Osei's expert disclosures were deficient. Osei provided only the name and contact information for the two experts, a medical intake form dated February 27, 2017, and a printout disclosing the qualifications of Robert A. Iezzi, Ph.D., a self-described "paint expert."

ECF No. 36-1. Osei provided no other information, despite Staples also having propounded a standard interrogatory and request for documents seeking a complete description of each expert's education, training and experience; all publications authored; all prior cases in which the expert had been retained; the substance of each opinion and the bases for such opinion; all items or things Osei through counsel had provided the expert; and all things on which the expert relied in forming an opinion. ECF No. 36-2.

Additionally, Osei conceded that her answers and responses to Staples' first set of interrogatories and requests for production of documents were long overdue. She had provided *no* responsive discovery. As cause, counsel noted that Osei had traveled to Africa for a family funeral. ECF No. 35 at 3.

After this pleading volley, the Court held a recorded discovery conference on March 8, 2021. ECF No. 40. Although weeks had passed since Osei had been notified of her discovery deficiencies, she failed to supplement discovery at all. At the hearing, Osei, through counsel, also offered no persuasive justification for the delay. Thus, the Court ordered that Osei produce all outstanding fact and expert discovery by no later than March 12, 2021. ECF Nos. 40, 41. The Court made clear that "Plaintiff must comply by this deadline or face sanctions to include evidence preclusion, adverse inferences or instruction, or dismissal of her claims." ECF No. 41. Counsel for Osei confirmed that he understood the Court's ruling and would meet the deadline. ECF No. 40.

On March 12, 2021, Osei produced discovery riddled with deficiencies. For answers to Staples' first set of interrogatories, counsel submitted what appear to be typed notes authored by Osei herself. ECF No. 42-5. The answers do not include the interrogatory questions but are rather short, incomplete sentence fragments. For example, one purported answer reads, "18.

N/A." Another reads, "21. Lawyer knows." And yet a third states "24. (bankruptcy): never filed before." ECF No. 42-5. The document closes with, "I agree to the above statements under penalty of perjury" and is followed by Osei's typed name. Counsel for Osei did not sign or certify the answers.

The responses to the request for production of documents are also woefully inadequate. They consist of sentence fragments typed on two sheets of paper. A representative excerpt reads:

1. Work product
2. (medical disability) doctor's note for 3 months. Attorney says he may add bate numbers to documents
3. (prior disability) none before this accident
4. (accommodations) telework/allowed to use up my leave prior to injury. . . .
8. (photos, etc.): I don't have any of those. Attorney and his investigator took pictures after the fact, I believe. . . .
36. (driver's license): provided-see attachment.
37. NA

ECF No. 42-6.

Nothing suggests that any documents were in fact attached to these responses.

As for Rule 26(a) expert disclosures, Osei submitted two "reports." The first, authored by Jon J. Pina from Evergreen Environmental Health and Safety, Inc., is four pages long. ECF No. 42-3. Pina had not been previously disclosed as an expert.[1] Pina states that his opinions are based on photographs and a "description of the accident," although the report does not make clear the source of such description or from where he received photographs. *Id.* at 1. Under a subheading entitled "findings," Pina states that Osei reported having slipped on "un-shoveled ice" that had been on the ramp. Pina also notes that Defendant Cushman had "painted the ramp with a smooth paint that made it slippery." *Id.* The remaining two pages consist of excerpted "OSHA [Occupational Safety and Health Administration] standards" and Pina's opinion that

---

[1] Osei now claims to have "scratched" Iezzi in favor of Pina. ECF Nos. 44 at 4; 47 at 3.

Osei "slipped and fell on an icy handicap ramp which indicates the owner neglected to remove any snow or ice." *Id.*

Remarkably, however, official weather reports issued by the National Oceanic and Atmospheric Administration (NOAA) reflect no precipitation on the day Osei had fallen. ECF Nos. 42-7, 42-8.[2] The Complaint also makes no mention of weather as contributing to Osei's fall other than that the paint made the ramp's surface "slippery when wet." ECF No. 1.

The second expert "report" is one page. It is unsigned but appears to capture the credentials of Dr. Marali Balakrishnan. ECF No. 42-4. The sum total of the narrative reads:

> SCOPE: Treating physician. Surgeon with over 37 years' experience will testify about the surgical procedure performed on Mabel Osei on January 10, 2017 (and assisted by Daniel Halayko) at Kaiser Largo Ambulatory Surgery Center. Surgical operation involving 50-year old patient. Bimalleolar fracture Left ankle; Follow procedures for stiffness in ankle.

*Id.*

Defendant Staples now urges the Court to strike Osei's answers, responses, and expert disclosures as well as dismiss the case entirely. Cushman urges exclusion of experts based on Osei's failure to comply with Rule 26(a). ECF No. 43. Osei, in response, made no effort to cure any of the obvious discovery deficiencies, despite having been expressly warned that she must bring her discovery into full compliance or risk sanction. Instead, she insists that the form and substance of all discovery complies fully with the rules. ECF Nos. 44, 47. Accordingly, Osei leaves this Court no alternative but to grant Defendants' motions.

---

[2] The Court takes judicial notice of the weather conditions. *See* Fed. R. Evid. 201; *Funderburk v. S.C. Elec. & Gas Co.*, 395 F. Supp. 3d 695, 714 n. 15 (D.S.C. 2019) ("Generally, it is appropriate for the court to take judicial notice of public information from government entities.") (collecting cases).

**II.     Analysis**

The Court's power to sanction a party for discovery violations is circumscribed by the Federal Rules of Civil Procedure. Pursuant to Rule 37(b)(2)(A), this Court retains wide discretion in imposing sanctions for noncompliance with the Court's discovery order. Fed. R. Civ. P. 37(b)(2)(A). *See* 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2289 (3d ed. 2021); *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders."). The Court considers four nonexclusive factors in determining what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte–Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

Equally powerful and applicable to this dispute is Rule 26(g). The rule requires that "*every* discovery request, response, or objection *must be signed by at least one attorney of record* . . . and must state the signer's address, email address, and telephone number." *Id.* (emphasis added). This requirement is fundamental as it reflects the attorney's certification that "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the answers and responses are complete, consistent with the rules, not interposed for improper purpose, and not designed to cause delay or undue burden. *Id.*

As the Advisory Committee's notes to Rule 26(g) explain, the rule is intended to "impose[] an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment. When an attorney fails to comply with Rule 26(g), the

Rule requires the Court to exclude the underlying discovery as a penalty for noncompliance. *Id.* *See also Mancia v. Mayflower Textile Svcs., Co.,* 253 F.R.D. 354 (D. Md. 2008). Further, "the court must strike [the answers or responses] unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." *See* Fed. R. Civ. P. 26(g)(2). Section (g)(3) likewise permits this Court to impose "an appropriate sanction" where the certification violates this rule "without substantial justification."

With these rules as its guide, the Court turns to Osei's discovery violations.

### 1. Written Discovery

Osei's answers and responses to Staples' discovery requests warrant striking them entirely pursuant to Rules 26(g) and 37. With regard to Rule 26(g), the responses and answers did not include counsel's certification-signature, and Staples' motion specifically pointed out to counsel and Osei this very deficiency. Yet rather than cure the defect, counsel tried to excuse the filing and, more to the point, gave no explanation for failing to follow Rule 26(g). On this basis alone, the Court must strike the answers and responses.

Likewise, the Court exercises its discretion to impose the same as a discovery sanction authorized by Rules 26(g)(3) and 37. Osei had several months to complete written discovery. The Court warned her, through counsel, to complete the discovery or face sanction. Counsel also knew from Staples' sanctions motion the myriad ways that the answers and responses were utterly noncompliant. ECF Nos. 42-5 and 42-6. They are not in the proper form,[3] include no intelligible objections,[4] and at times are simply nonsensical. Any reasonably well-trained lawyer would recognize as much. Counsel's submission, therefore, reflects a total unfamiliarity with the

---

[3] *See* Loc. R. 104.6.
[4] All objections are thus waived. *See* Fed. R. Civ. P. 33(b)(4).

civil rules of procedure and a stunning dereliction of duty to his client—precisely the kind of misconduct that the rules were meant to deter.[5]

Osei's answers and discovery responses also prejudice Staples. They are functionally useless. With less than a month left in the discovery period, Staples has no more factual basis for Osei's claims than the mere allegations included in the Complaint. Nor will the Court reward Osei for this behavior by permitting any future enlargement of the discovery schedule. Osei had been granted until March 12, 2021, to bring discovery into compliance. Osei presented no evidence that such a date would pose an obstacle, especially in light of the straightforward nature of the case. The prejudice to Staples is thus clear. The answers and responses must be stricken.

### 2. Expert Disclosures

The disclosure for Osei's liability expert, Pina, is deficient and must be stricken. For any retained expert such as Pina, Rule 26(a)(2)(B) requires that the expert submit a report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in this case.

Fed. R. Civ. P. 26(a)(2)(B).

Pina's report does not list any publications authored or any indication that there are none. *See* ECF No. 42-3. As for qualifications, the report makes reference to Pina's undated service as "safety sciences faculty at the Indiana University of Pennsylvania" and forty-years' experience

---

[5] The Court rejects counsel's argument that his "unique IP address" associated with his emailing the discovery to defense counsel constitutes his "signature" for purposes of Rule 26(g). ECF No. 44 at 4.

"providing safety for employees and the public," but says nothing else. *Id.* at 1.[6] The report also does not include a testimony list or compensation statement. Most fatal, however, is Pina's lack of explanation as to his *ipsi dixit* opinion that Defendants were negligent because Osei slipped on ice that had accumulated on the ramp. Pina does not explain *how* Defendants were actually negligent, or even reconcile how snow and ice contributed to Osei's fall when neither the Complaint nor the weather reports make any reference to contemporaneous inclement weather. *Compare* ECF No. 42-3 (Pina asserting that when Osei fell, "it had just started snowing and there was un-shoveled ice on the ramp") *with* ECF Nos. 42-7, 42-8. Thus, Pina's designation is stricken and Osei will not be granted additional time to designate other experts.

Dr. Balakrishnan, presents a different situation. *See* ECF No. 42-4. As Osei's treating physician, he arguably need not submit a formal report. Rule 26(a)(2)(C) requires that for all non-retained experts, the party produce a summary of the subject matter on which the witness is expected to testify pursuant to the Federal Rules of Evidence 702, 703, or 705 and a summary of facts and opinions to which the expert is expected to testify. Fed. R. Civ. P. 26 (a)(2)(C). Although the submission for Balakrishnan is thin, it does include a summary the doctor's education, certifications, and medical licensure. It further summarizes the nature of the treatment he provided to Osei on January 10, 2017. Thus, the disclosure appears to comply with Rule 26(a)(2)(C).

That said, Osei previously admitted to having not answered Staples' interrogatory and request for production of documents related to experts. ECF Nos. 40, 42-1 at 5. Her subsequent deficient answers and responses in no way suggests that she brought those related to her experts into compliance. ECF No. 42-3 and 42-4. Thus, pursuant to Rule 37(b), the Court precludes

---

[6] The report references a curriculum vitae as attached but no such attachment appears as part of the exhibit and Osei has failed to make clear whether any such attachment was ever provided to Defendants.

Osei from introducing or relying on any evidence that is the subject of stricken answers or responses in any motion, hearing or trial, and that includes evidence related to her proffered experts as to the case against Staples.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (Court may prohibit party who fails to comply with discovery order from "supporting or opposing designated claims or defenses or from introducing designated matters into evidence").

### 3. Dismissal as a Sanction

Staples further urges the Court to dismiss the case as a sanction for Osei's discovery violations.  Because dismissal is undoubtedly the "the most severe in the spectrum of sanctions," *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), it is to be used sparingly.  *See Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. PWG-11-3555, 2013 WL 3863935, at *3 (D. Md. July 23, 2013).  Here, the sanction is warranted.  The Court cannot equitably make Staples expend additional resources attempting to designate experts or more generally defend the case when Osei has submitted no useful evidence in support of either liability or damages.  In short, Staples's defense would be an exercise in futility given that Osei's own dereliction has led to the gutting of her claims.  The motion to dismiss as to Staples, therefore, is granted.

Cushman, by contrast, does not seek dismissal and nor could it.  Osei appears to have separately responded to discovery, the sufficiency of which Cushman has yet to challenge.  ECF Nos. 35, 35-2.  Given this asymmetry, the proper sanction applicable to Cushman is limited to striking Pina, the liability expert.

### III. Conclusion

Based on the foregoing, the Court grants Staples' motion for sanction and dismisses the claims against it. ECF No. 42. The Court further grants in part and denies in part Cushman's motion to strike experts. ECF No. 43. A separate order will follow.

Date: April 15, 2021                             /S/
                                                                                 The Honorable Paula Xinis
                                                                                  United States District Court