IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MABEL OSEI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-00040-PX |
| CUSHMAN & WAKEFIELD, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

Pending before the Court in this premises liability case is Defendant Cushman & Wakefield's motion for summary judgment. ECF No. 53. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS Defendant's motion.

### I.     BACKGROUND

The following facts are undisputed. On January 7, 2017, Plaintiff Mabel Osei ("Osei" or "Plaintiff") slipped and fell on an access ramp located at the front entrance of a Staples retail store and broke her ankle. ECF No. 1 ¶¶ 1, 9–10.[1] Defendant Cushman & Wakefield ("Cushman & Wakefield" or "Defendant"), the landlord for Staples, was responsible for maintaining the property and had recently painted the ramp. *See* ECF No. 53-1 at 3. Osei maintains that Defendant's having painted the ramp with "slippery material" rendered it foreseeably unsafe. *See* ECF No. 1 ¶¶ 14, 17.

Staples learned of Osei's injuries and subsequently engaged Broadspire Services, Inc.

---

[1] The Complaint is internally inconsistent insofar as the precise location of the slip-and-fall is concerned; it alternatively states that it occurred in Greenbelt, Maryland and in College Park, Maryland. *Compare* ECF No. 1 ¶ 1 (listing the accident location as 8904 62nd Avenue, College Park, Maryland) *with id.* ¶ 10 (listing the accident location as 7701 Greenbelt Road, Greenbelt, Maryland). Osei's responsive brief, however, suggests that the College Park address was where the accident occurred. *See* ECF No. 54-1 at 1.

("Broadspire") as a third-party claims administrator to ascertain what insurance coverage, if any, was available to Staples for the claim. *See* ECF Nos. 54-1, 54-2, 54-3. The ensuing correspondence between Broadspire and Cushman & Wakefield concerned whether Staples, an insured under Cushman & Wakefield's policy, would be indemnified and have defense costs covered for litigation related to Osei's claim. In two letters, Broadspire noted that it had conducted an "investigation" and concluded that the claim fell "under the responsibility" of Defendant because it had painted the ramp with "slippery paint." *See* ECF Nos. 54-1, 54-3.

On January 7, 2020, Osei sued Staples and Cushman & Wakefield, alleging common law negligence and premises liability claims. ECF No. 1 ¶¶ 2, 22–42. Litigation proceeded in fits and starts (ECF Nos. 51, 52), in large part because Osei's counsel was unable or unwilling to comply with basic rules of discovery. So flagrant were these failures that this Court struck Osei's liability expert as a sanction. *See generally* ECF No. 51. Defendant thereafter moved for summary judgment on the ground that Osei cannot carry her burden on her claims absent expert testimony on the appropriate standard of care applicable to maintenance of the access ramp.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the Court, construing all evidence and drawing all reasonable inferences most favorably to the non-moving party, finds no genuine dispute exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his]

pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)) (alteration in original).

### III. ANALYSIS

The parties concede that Maryland's substantive laws apply to the claims. Osei bears the burden of demonstrating that: (1) Defendant owed a duty to Plaintiff; (2) Defendant breached that duty; (3) the breach was both the cause-in-fact and proximate cause of Plaintiff's injury; and (4) that Plaintiff sustained damages as a result. *See Schultz v. Bank of Am., N.A.*, 413 Md. 15, 27 (2010). Maryland courts apply the same elements to premises liability actions. *Macias v. Summit Mgmt., Inc.*, 243 Md. App. 294, 316 (2019).

As to the nature of the duty, Osei must establish that Defendant violated the applicable standard of care that it owed to her as a business invitee on its premises. Expert testimony on the standard of care owed generally is required because such knowledge is "beyond the ken" of the average layperson. *See Schultz*, 413 Md. at 28 (quoting *Bean v. Dept. of Health*, 406 Md. 419, 432 (2008)). To be sure, where the "the trier of fact could easily recognize" a defendant's acts or omission so plainly violate an applicable standard of care, expert assistance on the standard of care is unnecessary. *Id.* at 29. But where, as here, the standard of care can be adduced only by understanding industry practices, protocols, or regulations, *see, e.g.*, *Sage Title Grp., LLC v. Roman*, 455 Md. 188, 218–219 (2017); *Schultz*, 413 Md. at 34–36, then absence of such testimony defeats the claim.

Defendant argues that because Osei's liability theory centers on the kind of paint used to maintain the ramp, she must adduce an expert opinion on the "slip resistance" of paint or "the special types of paints used for different purposes, especially handicap ramps." ECF No. 53-1 at

3

4. Otherwise, says Defendant, the factfinder cannot decide whether Defendant's alleged wrongdoing—using a certain kind of paint not suitable for walkways—violates the pertinent standard of care and thus amounts to negligence.

For her part, Osei has not argued that no such standard of care expert testimony is required, which itself suggests that she has conceded the point. Moreover, the Court agrees with Defendant that a reasonable factfinder could not determine the applicable standard of care without expert assistance. And Osei, by virtue of her counsel's own dereliction in discovery, has no such expert. *See* ECF No. 51 at 8–9. Thus, Osei cannot, as a matter of law, establish the standard of care necessary to sustain her negligence claim. *See generally Aventis Pasteur, Inc. v. Skevofilax*, 396 Md. 405 (2007) (upholding summary judgment where the plaintiffs failed to produce expert testimony on the issue of causation).

Osei counters that the record includes the requisite standard-of care-evidence, as reflected in the letters authored by Broadspire. Osei characterizes these letters as the culmination of "a transparent and highly professional investigation into Plaintiff Osei [sic] accident for 3 years." ECF No. 54 at 3. The correspondence reflects no such thing. The correspondence, at best, amounts to routine insurance notices pertinent to a carrier's duty to defend and indemnify a co-insured. ECF No. 54-3 (Osei "alleges she sustained injuries" when on the ramp which is "under the responsibility of [Defendant]"; thus, the insurer must "defend and hold harmless Staples" in any future litigation). *Cf. Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999), *aff'd*, 213 F.3d 632 (4th Cir. 2000). The mere reference to Defendant having used "slippery paint," without more is not *evidence* of the same. *See id.* ("[U]nsworn, unauthenticated documents cannot be considered on a motion for summary judgment."). And even if it were, no other evidence supports that simply using "slippery paint" amounts to a standard-of-care

violation. Because Osei has generated no evidence on this point, no reasonable trier-of-fact could find in her favor on her negligence and premises liability claims. Defendant's motion for summary judgment, therefore, must be granted.

## IV. CONCLUSION

Based on the record presently before the Court, no reasonable jury could find in Osei's favor. Cushman & Wakefield's motion for summary judgment is GRANTED as to all claims.

A separate Order follows.

November 19, 2021 /s/
Date Paula Xinis
United States District Judge